IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CORINTH SAND, LLC                                                                               PLAINTIFF

V.                                                                           CAUSE NO.: 1:13CV112-SA-DAS

ERNESTO FLORES CASTANO                                                                  DEFENDANT

DEFAULT JUDGMENT

Plaintiff filed a complaint against the Defendant in this court on June 13, 2013. Ernesto Flores Castano was served on September 26, 2013, but failed to answer pursuant to the Federal Rules of Civil Procedure. The Clerk of Court entered default against the Defendant on October 23, 2013, and Plaintiff filed a Motion for Default Judgment attaching an affidavit that the requested claims are for a sum certain.

*Default Judgment Standard*

Federal Rule of Civil Procedure 55(b)(2) permits the Court to enter a default judgment against a non-appearing defendant. A defendant, "by his default, admits the plaintiff's well-pleaded allegations of fact." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). But a default judgment is proper only if those well-pleaded factual allegations establish a valid cause of action: "There must be a sufficient basis in the pleadings for the judgment." Id. Thus, the Court's duty in considering a motion for default judgment is "to ensure that Plaintiff is entitled to judgment as a matter of law based on the admitted factual allegations of the Complaint." Forman Perry Watkins Krutz & Tardy LLP v. Kelly Capital, LLC, 2011 U.S. Dist. LEXIS 137603, 2011 WL 5983296, at *1 (S.D. Miss. Nov. 29, 2011).

*Discussion and Analysis*

Plaintiff has presented sufficient evidence pursuant to a lease agreement that Ernesto Flores Castano owes to Corinth Sand, LLC $536,746.01 in damages for amounts due under the lease and attorneys' fees allowable pursuant to that agreement.

Accordingly, pursuant to Federal Rule of Civil Procedure 55(b), the default judgment [15] is GRANTED.

Judgment is entered in favor of the Plaintiff in the amount of $536,746.01, $528,683.51 which is due on rents owed under the lease, and $8,0623.50 which constitutes the attorneys' fees paid in the institution of this action, against Ernesto Flores Castano.

SO ORDERED, this the 24th day of March, 2014.

                                            **/s/ Sharion Aycock**
                                            **U.S. DISTRICT JUDGE**